930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Thomas Ray NEWSOME, Jr., Plaintiff-Appellant,
v.
Jerry APODACA, Ann Jourdan, Colleen Maloof, John D. Paez,
Robert Sanchez, comprising the Board of Regents at the
University of New Mexico, Tom J. Farer, President of the
University of New Mexico, Robert M. Weaver, Dean, Office of
Admissions and Records at the University of New Mexico,
Carroll J. Lee, Vice-President for Business/Comptroller at
the University of New Mexico, the University of New Mexico,
a body corporate, Defendants-Appellees.
 No. 90-2174.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from a judgment in an action ostensibly filed under 28 U.S.C. Sec. 1343(a)(3) and (4) to obtain relief from an alleged violation of provisions of the Family Education Rights and Privacy Act of 1974, (FERPA), 20 U.S.C. 1232g. The trial court held FERPA creates no private right of action, and dismissed plaintiff's claims under the act.
 
 
 3
 This has not been as much a lawsuit as it has been a micturation contest. The district court endured this action for over four and a half years during which the pro se plaintiff bombarded the court with prolix, impertinent, irrelevant motions and obfuscations. The issue, notwithstanding the undue complications created by plaintiff, is simple.
 
 
 4
 To the extent we are now able to comprehend the nature of the matters before us, we understand them to be an outgrowth of plaintiff's effort to obtain records from the University of New Mexico. Unable to obtain what he believed was adequate response to his request, plaintiff filed suit in the United States District Court for the District of New Mexico. Because of a remarkable and incredible state of affairs, we are faced only with the question of whether we have jurisdiction in this appeal.
 
 
 5
 Plaintiff, for the first time, now contends the district court did not have subject matter jurisdiction of the FERPA claim; therefore, he now urges dismissal of the action. That concession is superfluous, however, in light of subsequent events.
 
 
 6
 After concluding plaintiff was not entitled relief under FERPA, the court nevertheless concluded the action should continue on his additional claims under 42 U.S.C. Sec. 1983. Apparently wishing to proceed only under FERPA, plaintiff filed an amended complaint striking his civil rights claims. For no explained reason, the court and the parties ignored the amendment. Plaintiff now correctly argues the amendment was effective because defendants had filed no responsive pleading at the time he filed his amendment. Fed.R.Civ.P. 15(a). Because of the amendment, the district court lost jurisdiction over the civil rights claims, and everything which followed was a nullity.
 
 
 7
 Moreover, if the record is correctly construed, the district court's memorandum opinion and order dismissing the FERPA claim was the final and appealable order in this case. Because no timely notice of appeal from that order was filed, we are without jurisdiction. 28 U.S.C. Sec. 2107.
 
 
 8
 We are distressed that what took place in the district court, largely at the instance of the plaintiff, trivialized both the law and judicial process. We refuse to further dignify such conduct.
 
 
 9
 DISMISSED.
 
 
 10
 * This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.